Scott E. Davis, OR SBN 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: 503.595.5300
Facsimile: 503.59535301

M. Andrew Woodmansee, CA SBN 201780 (*Pro Hac Vice*)
mawoodmansee@jonesday.com
Philip T. Sheng, CA SBN 278422 (*Pro Hac Vice*)
psheng@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: 858.314.1200
Facsimile: 858.314.1150

Calvin P. Griffith, OH SBN 0039484 (*Pro Hac Vice*)
cpgriffith@jonesday.com
Kenneth Luchesi, OH SBN 0089926 (*Pro Hac Vice*)
kluchesi@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: 216.586.3939
Facsimile: 216.579.0212

Attorneys For Defendant Dexcom, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON, PORTLAND DIVISION**

| | |
|---|---|
| AGAMATRIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | Civil No. 3:16-cv-00536-JE<br><br>**DEFENDANT DEXCOM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO PLAINTIFF AGAMATRIX, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## DEXCOM'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Dexcom, Inc. ("Dexcom"), by and through its undersigned counsel, hereby sets forth its Answer, Affirmative Defenses, and Counterclaims to Plaintiff AgaMatrix, Inc.'s ("Plaintiff" or "AgaMatrix") First Amended Complaint ("Complaint"). Dexcom denies each and every allegation set forth in the Complaint except for those allegations expressly and specifically admitted below. With respect to each of the numbered paragraphs of the Complaint, Dexcom responds as follows:

## INTRODUCTION

1. Dexcom admits that this purports to be a patent case involving sensors for continuous glucose monitoring (CGM) in persons having diabetes. Dexcom admits that diabetes is a disorder associated with insulin deficiency and hyperglycemia, although Dexcom denies that glucose concentrations in the range of 80–120 mg/dL are necessarily characterized as "normal." Dexcom admits that patients with certain types of diabetes can manage their disease by injecting insulin and that those persons can confirm the effectiveness of the previous insulin dose and help determine their next dose by monitoring their blood glucose levels.

2. Dexcom admits that CGM was developed at least in part to provide continuous glucose monitoring for persons with diabetes. Dexcom admits that CGM allows people with diabetes to track their glucose levels in real time and to determine how quickly the levels are rising or falling. Dexcom admits that the CGM sensors at issue in this case are at least partially inserted into a patient's body, such as into the patient's abdomen, where they may remain for several days before being removed.

3. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. Dexcom denies the allegations of paragraph 5 and specifically denies that Dexcom has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix.

**JURISDICTION AND VENUE**

6. Dexcom admits that AgaMatrix's cause of action purports to invoke the patent laws of the United States, 35 U.S.C. § 101 *et seq*. Dexcom admits that this Court appears to have original jurisdiction and subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Dexcom admits that, for the purposes of this action only, the Court has personal jurisdiction over it. Dexcom admits that it transacts and solicits business in the State of Oregon. Dexcom admits that it maintains an Internet site that is accessible to consumers within this district (and any other district), which advertises products and allows customers to order products. Dexcom denies the remaining allegations in paragraph 7.

8. Without admitting that it is necessarily proper or convenient, for the purposes of this action only, Dexcom does not contest that venue is permissible under 28 U.S.C. §§ 1391(b) or (c) and 1400(b). Dexcom denies that it has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies them.

**THE PARTIES**

9. Dexcom denies that AgaMatrix is a leading innovator in the field of diabetes care and management. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10. Dexcom admits that the three patents being asserted against it—U.S. Patent No. 7,146,202; U.S. Patent No. 8,187,433: and U.S. Patent No. 7,529,574—name as inventors residents of Portland, Oregon. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and therefore denies them.

11. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Dexcom admits that it was founded in 1999. Dexcom admits that it is a Delaware corporation and has its principal place of business in San Diego, California. Dexcom admits that it had its initial public offering in about 2005 and remains a publicly-owned company. Dexcom admits that it derives most of its revenues from the sales of its CGM products, which are available throughout the United States and in numerous foreign countries.

**THE PATENTS-IN-SUIT**

13. Dexcom admits that, on its face, U.S. Patent No. 7,146,202 ("the '202 Patent") issued in 2006. Dexcom admits that, on its face, U.S. Patent No. 8,187,433 ("the '433 Patent") issued in 2012. Dexcom admits that, on its face, U.S. Patent No. 7,529,574 ("the '574 Patent"), issued in 2009. Dexcom admits that what appear to be copies of the '202, '433 and '574 Patents are attached as Exhibits A–C to the Complaint. Dexcom admits that, on the faces of the '202, '433 and '574 patents, the patents were originally assigned to iSense Corporation. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies them.

14. Dexcom admits that, on their faces, the '202 and '433 Patents issued from related patent applications and purport to claim priority to June 16, 2003. Dexcom admits that, on their faces, the '202 and '433 Patents are both titled "Compound Material Analyte Sensor." Dexcom admits that the specifications and figures of the '202 and '433 Patents appear substantially identical. Dexcom admits that on their face, the '202 and '433 Patents both name as inventors W. Kenneth Ward and Richard G. Sass, both of Portland, Oregon. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore denies them.

15. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Dexcom admits that the following phrases appear in the '202 Patent specification:

- "fatigue from the flexure caused by bodily movement"
- "break off inside the body"
- "Unfortunately, the typical metal used for such a wire sensor is platinum, which is electrochemically active and generally very useful in sensing applications. Platinum, however, is a weak metal that is easily broken with only a little flexure. Moreover, the electrochemical nature of platinum surfaces is only imperfectly understood. Efforts to make sensors from very thin platinum wires that are stranded together, thereby providing greater flex resistance, have encountered negative effects on the biochemical reactivity of the more complex platinum surface"

Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and therefore denies them.

17. Dexcom admits that the '202 Patent represents that platinum is expensive.

18. Dexcom denies the allegations of paragraph 18.

19. Dexcom admits that Figure 1 of the '202 Patent is shown in paragraph 19, and denies any remaining allegations in paragraph 19.

20. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Dexcom admits that claim 1 of the '202 Patent is recited in paragraph 21.

22. Dexcom admits that dependent claims 2–11 of the '202 Patent purport to recite one or more additional limitations, such as the use of tantalum for the core and the measurement of glucose as the analyte.

23. Dexcom admits that all claims of the '433 Patent recite the words "analyte sensing element."

24. Dexcom admits that the '433 Patent has four independent claims and that claim 1 is recited in paragraph 24.

25. Dexcom admits that dependent claims 2–11 of the ’433 Patent purport to recite one or more additional limitations, such as the use of tantalum for the core and the measurement of glucose as the analyte.

26. Dexcom admits that Figure 2 of the ’574 Patent is shown in paragraph 26, and purports to show an embodiment of an analyte sensor. Dexcom denies the remaining allegations in paragraph 26.

27. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. Dexcom admits that claim 1 of the ’574 Patent is recited in paragraph 28.

29. Dexcom admits that claims 2-8 of the ’574 Patent depend directly or indirectly from claim 1, and purport to recite additional limitations. Dexcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and therefore denies them.

30. Dexcom admits that the ’574 Patent contains independent claim 9 and that claims 10–18 of the ’574 Patent depend, directly or indirectly, from claim 9.

31. Dexcom admits that the ’574 Patent names as inventors Lawrence B. Jansen and W. Kenneth Ward, both of Portland, Oregon, and Ellen Anderson of Tualatin, Oregon.

**DEXCOM’S ALLEGED INFRINGING ACTIVITY**

32. Dexcom denies the allegations of paragraph 32.

33. Dexcom denies the allegations of paragraph 33.

34. Dexcom denies the allegations of paragraph 34.

35. Dexcom denies the allegations of paragraph 35.

36. Dexcom denies the allegations of paragraph 36.

37. Dexcom denies the allegations of paragraph 37.

38. Dexcom denies the allegations of paragraph 38.

39. Dexcom denies the allegations of paragraph 39.

## AGAMATRIX'S CLAIMS FOR RELIEF

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,146,202

40. Dexcom incorporates by reference each of its responses set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Dexcom denies the allegations of paragraph 41.

42. Dexcom denies the allegations of paragraph 42.

43. Dexcom denies the allegations of paragraph 43.

44. Dexcom denies the allegations of paragraph 44.

45. Dexcom admits that instructions it provides customers with respect to its G4 and G5 systems appear to be attached as exhibits D and E to the Complaint. Dexcom admits that its website at http://dexcom.com/tutorials provides customers video tutorials on its products. Dexcom denies the remaining allegations of paragraph 45 and specifically denies that it has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix.

46. Dexcom denies the allegations of paragraph 46.

47. Dexcom denies the allegations of paragraph 47.

48. Dexcom admits that it does not own a license to the '202 Patent. Dexcom denies the remaining allegations of paragraph 48 and specifically denies that it has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix.

49. Dexcom denies the allegations of paragraph 49.

50. Dexcom denies the allegations of paragraph 50.

51. Dexcom denies the allegations of paragraph 51.

52. Dexcom denies the allegations of paragraph 52.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,187,433

53. Dexcom incorporates by reference each of its responses set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. Dexcom denies the allegations of paragraph 54.

55. Dexcom admits that it does not own a license to the ’433 Patent. Dexcom denies the remaining allegations of paragraph 55 and specifically denies that it has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix

56. Dexcom denies the allegations of paragraph 56.

57. Dexcom denies the allegations of paragraph 57.

58. Dexcom denies the allegations of paragraph 58.

## COUNT III
## ALLEGED INFRINGEMENT OF U.S. PATENT 7,529,574

59. Dexcom incorporates by reference each of its responses set forth in paragraphs 1 through 58 above as if fully set forth herein.

60. Dexcom denies the allegations of paragraph 60.

61. Dexcom admits that it does not own a license to the ’574 Patent. Dexcom denies the remaining allegations of paragraph 61 and specifically denies that it has infringed or is liable for infringement of any valid and enforceable claim of any patent owned by AgaMatrix

62. Dexcom denies the allegations of paragraph 62.

63. Dexcom denies the allegations of paragraph 63.

64. Dexcom denies the allegations of paragraph 64.

## AGAMATRIX’S PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by AgaMatrix to which no response is required. Dexcom denies that AgaMatrix is entitled to any of the requested relief and denies any allegations contained in the Prayer For Relief to which a response is required.

## AGAMATRIX’S DEMAND FOR JURY TRIAL

AgaMatrix’s demand that all issues be determined by a jury trial does not state any allegation, and Dexcom is not required to respond. To the extent that any allegations are included in the demand, Dexcom denies these allegations.

## DEFENSES

Dexcom incorporates by reference the foregoing paragraphs in their entirety and asserts the following Defenses. By asserting these defenses, Dexcom does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Dexcom reserves the right to amend this Answer with additional defenses as further information becomes available through discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

65. Dexcom has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ’202, ’433, and ’574 Patents.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

66. The asserted claims of the ’202, ’433, and ’574 Patents are invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

67. The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

68. AgaMatrix’s claims for relief are barred, in whole or in part, by the doctrine of laches. On information and belief, AgaMatrix (and any predecessor(s) in interest) delayed filing suit for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of Dexcom’s products identified in the First Amended Complaint, and the delay operated to the prejudice or injury of Dexcom.

**FIFTH AFFIRMATIVE DEFENSE**

**(Limitations on Damages)**

69. Plaintiff's claims for relief and prayer for damages are barred in whole or in part under 35 U.S.C. §§ 286, 287, and 288.

**SIXTH AFFIRMATIVE DEFENSE**

**(Substantial Non-Infringing Uses)**

70. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of any asserted claims.

**SEVENTH AFFIRMATIVE DEFENSE**

**(License, Patent Exhaustion)**

71. AgaMatrix's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing Dexcom products or components thereof are imported, sold by, offered for sale by, used by, made by, or made for, any entity having an express or implied license; and/or (ii) under the doctrine of patent exhaustion.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

72. AgaMatrix is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for Dexcom's alleged infringement of the patents-in-suit.

73. AgaMatrix will be unable to establish that it has suffered any injury, let alone an irreparable injury.

74. AgaMatrix will be unable to establish that remedies available at law, such as monetary damages, would be inadequate to compensate for any injury.

75. AgaMatrix will be unable to establish that, considering the balance of hardships between AgaMatrix and Dexcom, a remedy in equity is warranted.

76. AgaMatrix will be unable to establish that the public interest would be served by a permanent injunction.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel/Unclean Hands)**

77. Plaintiff's claims for relief are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, or other applicable equitable doctrines.

**TENTH AFFIRMATIVE DEFENSE**

**(Exceptional Case)**

78. This is an exceptional case under 35 U.S.C. § 285, and accordingly, Dexcom is entitled to its attorneys' fees incurred in defending against AgaMatrix's First Amended Complaint.

## DEXCOM'S COUNTERCLAIMS

Dexcom, for its counterclaims against AgaMatrix, states as follows:

### NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity as to U.S. Patent Nos. 7,146,202 ("the '202 Patent"); 8,187,433 ("the '433 Patent"); and 7,529,574 ("the '574 Patent").

2. Dexcom is a Delaware corporation with its principal place of business at 6340 Sequence Drive, San Diego, California 92121.

3. Based on information and belief, AgaMatrix is a Delaware corporation with its headquarters and principal place of business at 7C Raymond Avenue, Salem, New Hampshire 03079.

4. On March 28, 2016, AgaMatrix filed its original complaint alleging that Dexcom infringes the '202 Patent, the '433 Patent, and the '574 Patent.

5. On June 6, 2016, AgaMatrix filed its First Amended Complaint alleging that Dexcom infringes the '202 Patent, the '433 Patent, and the '574 Patent.

6. Dexcom denies infringement and disputes the validity of one or more of the asserted claims of the '202 Patent, the '433 Patent, and the '574 Patent.

7. Thus, there is an actual and justiciable controversy between Dexcom and AgaMatrix concerning the infringement and validity of the '202 Patent, the '433 Patent, and the '574 Patent.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code, and also under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

9. This Court has personal jurisdiction over AgaMatrix, and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because AgaMatrix resides in this district, conducts business in this district, and has availed itself of this Court's jurisdiction by having sued Dexcom in this Court.

**COUNTERCLAIM I**

**(Declaration of Non-Infringement of the ’202 Patent)**

10. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 9 of its Counterclaims as though fully set forth herein.

11. The ’202 Patent was issued by the United States Patent and Trademark Office. AgaMatrix claims to own all rights in and to the ’202 Patent.

12. AgaMatrix has asserted that Dexcom infringes the ’202 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the infringement of the ’202 Patent.

13. Dexcom is not now infringing and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the ’202 Patent.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*., Dexcom is entitled to a declaratory judgment that it does not infringe and has not infringed the ’202 Patent.

**COUNTERCLAIM II**

**(Declaration of Invalidity of the ’202 Patent)**

15. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 14 of its Counterclaims as though fully set forth herein.

16. AgaMatrix has asserted that Dexcom infringes the ’202 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the validity of the ’202 Patent.

17. The asserted claims of the ’202 Patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example, §§ 101, 102, 103, 112; and/or the non-statutory doctrine of double patenting.

18. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*., Dexcom is entitled to a declaratory judgment that the asserted claims of the '202 Patent are invalid.

**COUNTERCLAIM III**

**(Declaration of Non-Infringement of the '433 Patent)**

19. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 18 of its Counterclaims as though fully set forth herein.

20. The '433 Patent was issued by the United States Patent and Trademark Office. AgaMatrix claims to own all rights in and to the '433 Patent.

21. AgaMatrix has asserted that Dexcom infringes the '433 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the infringement of the '433 Patent.

22. Dexcom is not now infringing and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the '433 Patent.

23. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*., Dexcom is entitled to a declaratory judgment that it does not infringe and has not infringed the '433 Patent.

**COUNTERCLAIM IV**

**(Declaration of Invalidity of the '433 Patent)**

24. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 23 of its Counterclaims as though fully set forth herein.

25. AgaMatrix has asserted that Dexcom infringes the '433 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the validity of the '433 Patent.

26. The asserted claims of the '433 Patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code

including, for example, §§ 101, 102, 103, 112; and/or the non-statutory doctrine of double patenting.

27. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Dexcom is entitled to a declaratory judgment that the asserted claims of the ’433 Patent are invalid.

**COUNTERCLAIM V**

**(Declaration of Non-Infringement of the ’574 Patent)**

28. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 27 of its Counterclaims as though fully set forth herein.

29. The ’574 Patent was issued by the United States Patent and Trademark Office. AgaMatrix claims to own all rights in and to the ’574 Patent.

30. AgaMatrix has asserted that Dexcom infringes the ’574 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the infringement of the ’574 Patent.

31. Dexcom is not now infringing and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the ’574 Patent.

32. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Dexcom is entitled to a declaratory judgment that it does not infringe and has not infringed the ’574 Patent.

**COUNTERCLAIM VI**

**(Declaration of Invalidity of the ’574 Patent)**

33. Dexcom hereby realleges and incorporates by reference paragraphs 1 through 32 of its Counterclaims as though fully set forth herein.

34. AgaMatrix has asserted that Dexcom infringes the ’574 Patent. Thus, an actual and justiciable controversy exists between AgaMatrix and Dexcom concerning the validity of the ’574 Patent.

35. The asserted claims of the ’574 Patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

36. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq*., Dexcom is entitled to a declaratory judgment that the asserted claims of the ’574 Patent are invalid.

## EXCEPTIONAL CASE

37. This is an exceptional case entitling Dexcom to an award of attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285. This case is exceptional for at least the reason that this case is one that stands out from others with respect to the substantive strength of Dexcom’s litigating position versus AgaMatrix’s and AgaMatrix having asserted meritless infringement claims against Dexcom.

## PRAYER FOR RELIEF

WHEREFORE, Dexcom respectfully requests a judgment against AgaMatrix as follows:

A. That AgaMatrix takes nothing by its First Amended Complaint in this action;

B. That AgaMatrix’s First Amended Complaint in this action be dismissed in its entirety with prejudice;

C. That the Court enter a declaratory judgment that Dexcom does not infringe and has never infringed U.S. Patent Nos. 7,146,202; 8,187,433; and 7,529,574;

D. That the Court enter a declaratory judgment that the asserted claims of U.S. Patent Nos. 7,146,202; 8,187,433; and 7,529,574 are invalid;

E. That the Court declare this an exceptional case and award Dexcom its costs, expenses, and reasonable attorneys’ fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

F. That the Court award Dexcom any and all other relief to which it may be entitled, or which the Court deems just and proper.

**DEMAND FOR JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Dexcom, Inc. demands a trial by jury of all issues so triable in this action.

Dated: June 23, 2016

Jones Day

By: *s/ M. Andrew Woodmansee*

Scott E. Davis, OSBN 022883
Email: scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503.595.5300
Facsimile: 503.595.5301

M. Andrew Woodmansee, CA SBN 201780
Philip T. Sheng, CA SBN 278422
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: 858.314.1200
Facsimile: 858.314.1150

Calvin P. Griffith, OH SBN 0039484
Kenneth Luchesi, OH SBN 0089926
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: 216.586.3939
Facsimile: 216.579.0212

Attorneys for Defendant DEXCOM, INC.