IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **WAVEFORM TECHNOLOGIES, INC.**, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>**DEXCOM, INC.**, a Delaware Corporation,<br><br>Defendant. | Civil No. 3:16-cv-00536-MO<br><br>**Opinion and Order Regarding WaveForm's 56(d) Motion** |

WaveForm Technologies, Inc. ("WaveForm") moves under Fed. R. Civ. P. 56(d) for an order extending the time for it to oppose Dexcom's Motion for Summary Judgment until Dexcom has provided discovery essential to WaveForm's opposition. For the reasons below, I GRANT WaveForm's Motion.

## BACKGROUND

This patent case involves sensors for continuous glucose monitoring ("CGM") in persons having diabetes. WaveForm asserts that CGM systems and sensors sold by Dexcom infringe multiple claims on three of WaveForm's patents. WaveForm's asserted patents disclose a solution to the problem of CGM sensors fracturing inside patients' bodies that involves the use of a "structurally flexible" core that is covered by an electromechanically active metal like platinum. The patent gives two examples of the "structurally flexible" core material: tantalum and nitinol.

In October, Dexcom moved for summary judgment on the grounds that the term "structurally flexible" is indefinite; therefore, claims in WaveForm's asserted patent claims are invalid because a skilled artisan could not know the claims' scope with reasonable certainty. Under Rule 56(d), WaveForm moves for an extension of time to respond to Dexcom's Motion

1 Order Regarding WaveForm's Rule 56(d) Motion

until after Dexcom has provided discovery that WaveForm asserts is essential to its opposition. Specifically, WaveForm seeks discovery of various documents and emails related to the fatigue-testing method Dexcom used to flex test wires used in its CGM sensors, which WaveForm describes in the declaration of its counsel, Scott Eads, along with the depositions of Dexcom and its expert. According to WaveForm, Dexcom agrees that it is entitled to depose its expert before responding to Dexcom's Motion. *See* WaveForm's Mot. Pursuant to Fed. R. Civ. P. 56(d) [172] at p. 13.

**LEGAL STANDARDS**

### A. *Standards for a Fed. R. Civ. P. 56(d) Motion*

Under Rule 56(d), if a non-moving party shows specific reasons why it cannot "present facts essential to justify its opposition," the trial court may defer considering the summary judgment motion or allow time for additional discovery. In order to prevent a non-moving party from being "railroaded" by premature summary judgment motions, trial courts should take a "generous approach towards granting Rule 56(f) [the predecessor codification of Rule 56(d)] motions." Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773-75 (9th Cir. 2003). The party making a Rule 56(d) motion must: (1) set forth in an affidavit or declaration the specific facts it seeks to discovery in additional discovery; (2) show that the facts sought exist; and (3) show the facts sought are essential to oppose the summary judgment motion. Family Home and Fin. Ctr. V. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

### B. *Test for Indefiniteness of a Patent Claim*

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Inst., Inc.*, 572 U.S. 898, 901 (2014). "A patent need not explicitly include information that is already well known in

2 Order Regarding WaveForm's Rule 56(d) Motion

the art." *Presidio Components, Inc. v. American Tech. Ceramics Corp.*, 875 F.3d 1369, 1376 (Fed. Cir. 2017).

The indefiniteness standard announced in *Nautilus* can lead to many disputes of material fact, including: (1) what a person of ordinary skill would have known or understood at the priority date; (2) whether the ordinarily skilled artisan would have had "reasonable" certainty about the meaning of a claim term; and (3) disputes about the relevant material covered (generally called the "teachings") of the patent at issue. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1319 (Fed. Cir. 2015).

## DISCUSSION

In its Motion, WaveForm asserts that discovery related to Dexcom's flex-testing of wires is probative of the central issue of fact under the *Nautilus* standard: whether the hypothetical person of ordinary skill, possessing full knowledge of the state of the art at the time of the invention, would have had a reasonable certainty as to the scope and meaning of the term "structurally flexible." WaveForm expects the discovery sought will confirm that Dexcom used a standard fatigue-testing method to determine the structural flexibility of sensor wires and that the standard fatigue-testing method was well known to someone of ordinary skill in the art before 2003, the asserted patents' priority date. WaveForm contends this evidence is necessary to oppose Dexcom's assertion that it the term "structurally flexible" is undefined.

I find WaveForm has established that the need for an extension of time to respond until Dexcom has provided the additional discovery set forth in Mr. Ead's declaration. WaveForm has shown, with reference to other documents produced by Dexcom, that the discovery it seeks likely exists. It has also established that the discovery sought is essential to its opposition to Dexcom's Motion. For example, even though Dexcom conducted flex-testing of wires in 2008, post-priority date evidence offered as evidence of the state of the art as of the priority date is relevant. *See, e.g., Plant Genetic Sys. V. DeKalb Genetics Corp.*, 315 F.3d. 1335, 1343-44 (Fed. Cir.

3 Order Regarding WaveForm's Rule 56(d) Motion

2003) (finding the trial court properly used post-1987 reports as evidence of the state of the art in 1987). Because WaveForm has met its burden under Rule 56(d), I grant its Motion.

## CONCLUSION

I GRANT WaveForm's Motion Pursuant to Fed. R. Civ. P. 56(d) [172] and generally adopt WaveForm's proposed briefing schedule with slight modifications in light of the holiday season. Dexcom must complete its document and email productions on or before January 11, 2019. WaveForm must take the depositions of Dexcom and its expert by January 25, 2019, WaveForm must file its response brief on or before February 15, 2019. Dexcom must file its reply brief, if any, within fourteen days of service of WaveForm's response.

IT IS SO ORDERED.

Dated this ___ day of December, 2018

Honorable Michael W. Mosman
Chief United States District Judge

4 Order Regarding WaveForm's Rule 56(d) Motion